**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James C. GOODWIN, Defendant— Appellant.**

No. 07–30338.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2008.

Filed July 29, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jack B. Haycock, USPO–Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Nicolas V. Vieth, FDWAID—Federal Defender's of Eastern Washington & Idaho, Pocatello, ID, for Defendant–Appellant.

Before: PREGERSON and REINHARDT, Circuit Judges, and STROM, District Judge.*

---

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

## MEMORANDUM **

James C. Goodwin appeals the sentence imposed following his plea of guilty to possession of child pornography. Goodwin argues that the district court erred by allowing certain victim impact statements into his presentence report ("PSR"), by imposing two five-level enhancements under U.S.S.G. § 2G2.2, and by failing to consider his acceptance of responsibility at sentencing. "Appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). We review *de novo* the district court's interpretation of the Sentencing Guidelines, its application of the Sentencing Guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error. *United States v. Snipe,* 515 F.3d 947, 954 (9th Cir.2008). Upon review of the record, the briefs of the parties, and the arguments of counsel, we affirm.

■ Goodwin first argues that two victim impact statements should not have been included in his PSR because the district court did not appoint a guardian ad litem for the victim, and because the statements are unreliable and therefore irrelevant. Goodwin relies upon 18 U.S.C. § 3509 for the proposition that a guardian ad litem is required in order for a child's victim impact statement to be included in a PSR. However, § 3509(h) clearly states that the court "may" appoint a guardian ad litem. The statute does not require such appointment. Goodwin's reliance on § 3509(f) is misplaced because that subsection merely clarifies a guardian ad litem's responsibilities with respect to the PSR, should one be appointed; it does not re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quire such appointment. Goodwin's argument that the statements were unreliable fails because the district court did not clearly err in finding that one was written by the victim herself and the other was written by the victim's mother, who may assume her underage daughter's rights here pursuant to 18 U.S.C. § 3771(e).

■ Next, Goodwin argues that the district court erred in applying five-level sentence enhancements for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor and because his offense involved six hundred (600) or more images. The district court did not clearly err in finding a pattern of abuse because Goodwin's admissions that he had abused his sisters-in-law were corroborated by the girls themselves. Nor was there clear error in the court's finding that Goodwin's offense involved six hundred or more images. Even if only the twelve (12) video files of child pornography observed by the probation officer or the thirteen (13) video files containing images of identified child victims are counted, the total number of images is well beyond six hundred., because under U.S.S.G. § 2G2.2 cmt. 4(B)(ii), each video is considered to contain seventy-five (75) images.

■ Finally, Goodwin argues that because the guideline range exceeded the statutory maximum for his crime, the district court erred in failing to consider reducing his sentence from the maximum based upon acceptance of responsibility. We disagree. Acceptance of responsibility was one mitigating factor among many aggravating factors in this case, all of which were taken into account in the court's calculation under the Sentencing Guidelines. Where, as here, the guideline range exceeds the statutory maximum, the statutory maximum becomes the guideline sentence. *See* U.S.S.G. § 5G1.1(a). The district court did not err in its interpretation of the guidelines, nor did it abuse its discretion in applying them to the facts of this case. There was no error in its imposition of the statutory maximum sentence.

There being no reversible error, the district court's judgment is AFFIRMED.